# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MELVIN GOLDMAN (#130967)**          **CIVIL ACTION NO.**

**VERSUS**          **20-110-SDD-EWD**

**RONALD TAYLOR, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 11, 2021.

                       **ERIN WILDER-DOOMES**
                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELVIN GOLDMAN (#130967)                                CIVIL ACTION NO.

VERSUS                                                          20-110-SDD-EWD

RONALD TAYLOR, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Melvin Goldman ("Plaintiff"), who is representing himself and is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted as Plaintiff failed to exhaust administrative remedies prior to filing suit as required by 28 U.S.C. § 1997e.  In light of this recommendation, Plaintiff's pending Motion to Appoint Counsel[1] will be denied as moot, without prejudice to re-urging in the event that this Report and Recommendation is not adopted.

### I.   Background

Plaintiff instituted this action on February 17, 2020[2] alleging Ronald Taylor, Roland Georgetown, and Kendall M. McCray ("Defendants") used excessive force against him on February 5, 2020.[3]  In his amended Complaint, Plaintiff appears to add claims against James

---

[1] R. Doc. 10.
[2] Pursuant to the prison mailbox rule, the complaint is considered filed on this date.  The prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates, and provides that an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, No. 07-5471, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008).
[3] R. Docs. 1 & 7.

LeBlanc,[4] although Plaintiff does not appear to make any factual allegations specific to LeBlanc. Plaintiff seeks injunctive and monetary relief.[5]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[6] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law gives judges not only the authority to dismiss a claim that is based on a clearly meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of this analysis.[10]

---

[4] R. Doc. 7, p. 2.
[5] R. Doc. 7, p. 11.
[6] Plaintiff was granted permission to proceed *in forma pauperis* on April 17, 2020. (R. Doc. 9).
[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

### B. It is Clear from the Face of the Complaint that Plaintiff Failed to Exhaust Administrative Remedies Prior to Initiating Suit

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[16] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[17] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [18] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not

---

[11] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[12] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[14] *Id.*
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[16] 42 U.S.C. § 1997(e)(a).
[17] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[18] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).

required to specially plead or demonstrate exhaustion in their complaints."[19] However, the United States Court of Appeals for the Fifth Circuit permits a district court to *sua sponte* dismiss a case for failure to state a claim for failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[20]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the enumerated reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for Prison Rape Elimination Act ("PREA") claims). An inmate dissatisfied with the first step response, may proceed to the second step of the ARP process by appealing to the Secretary of DOC. The DOC Secretary must issue a response within forty-five (45) days from the date the request is received using a second step response form. An inmate dissatisfied with the second step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of Plaintiff's Complaint that his claims are unexhausted. The complained of incident occurred on February 5, 2020. Plaintiff signed and filed his Complaint on February 17, 2020, a mere twelve days later. It is apparent that Plaintiff did not exhaust his

---

[19] *Jones*, 549 U.S. at 216.
[20] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014), citing *Jones*, 549 U.S. 214-15.

administrative remedies within this short timeframe.[21]  Moreover, Plaintiff admitted in his Complaint that the ARP related to the claims alleged in this suit was "still pending" at the time this suit was filed.[22]  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court.  As Plaintiff admits his ARP was still pending when he filed suit, Plaintiff's claims are unexhausted on the face of the Complaint and thus, subject to dismissal, without prejudice, for failure to state a claim.[23]  Because the undersigned recommends dismissal of Plaintiff's claims as unexhausted, Plaintiff's "Application for Appointment of Counsel"[24] will be denied without prejudice to re-urging if the recommendation for dismissal of his claims is not adopted.

### C. Plaintiff Should Not Be Given Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[25]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[26]  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion."[27]

---

[21] *See Conklin v. Randolph* 553 Fed.Appx. 457, 458 (5th Cir. 2014) (holding that a district court's dismissal, *sua sponte*, of a complaint as unexhausted was not in error when the lack of exhaustion was readily apparent from the face of the complaint since the lawsuit was instituted five days after the event giving rise to the lawsuit occurred).

[22] R. Doc. 7, p. 3.  In a later filing, Plaintiff also stated that he had not received a first step response as of June 2020.  R. Doc. 11.  *See also*, R. Doc. 12.

[23] Though Plaintiff alleges that officials at the prison have intentionally delayed providing him with a response to his ARPs (R. Docs. 11, p. 1 & 12, pp. 1-2), once the time period for responding to the ARP at the first step passed, Plaintiff was entitled to proceed unilaterally to the second step.  *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).  Thus, the prison's failure to timely respond to Plaintiff's ARP does not excuse Plaintiff's failure to exhaust administrative remedies *prior* to filing suit.  Further, the Fifth Circuit has made clear that administrative remedies must be exhausted *prior* to filing suit rather than while the action is pending, and exhausting administrative remedies while suit is pending does not cure the failure to exhaust *prior* to filing suit.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory….").

[24] R. Doc. 10.

[25] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[26] *Id.*

[27] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Here, any amendment would clearly be futile, as Plaintiff failed to exhaust the claims herein prior to filing suit, and no amendment will cure this defect. Thus, the Court should not give Plaintiff an opportunity to amend his claims to attempt to state a claim, as any such attempt would be futile.

### RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted, as Plaintiff failed to exhaust administrative remedies as required by 28 U.S.C. § 1997e and that this case be **CLOSED**.[28]

### ORDER

**IT IS ORDERED** that Plaintiff's "Application for Appointment of Counsel"[29] is **DENIED AS MOOT**, without prejudice to re-urging if the recommendation to dismiss Plaintiff' claims is not adopted.

Signed in Baton Rouge, Louisiana, on January 11, 2021.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If adopted, this ruling would count as a strike under § 1915(g).
[29] R. Doc. 10.